IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHERWYN D. FREEMAN, JR.,              :        CIVIL ACTION NO. **3:CV-04-1546**
                                       :
    Plaintiff                          :
                                       :        (Judge Munley)
                                       :
    v.                                 :        (Magistrate Judge Blewitt)
                                       :
DIANE INCH, et al.,                    :        **FILED**
                                       :        **SCRANTON**
    Defendants                         :
                                               AUG 1 9 2005

                                               PER _____
                                                        DEPUTY CLERK

**MEMORANDUM AND ORDER**

## I. Background.

The Plaintiff, Sherwyn D. Freeman, Jr., an inmate at the United States Penitentiary at Allenwood ("USP-Allenwood"), Pennsylvania, filed this *Bivens*[1] action, *pro se*, pursuant to 28 U.S.C. § 1331, on July 16, 2004, naming as Defendants two (2) individuals employed by the Federal Bureau of Prisons ("BOP") at USP-Allenwood, namely Physician's Assistant ("P. A.") Diane Inch and P. A. Clemente Frimpong. (Doc. 1, pp. 1-2). Plaintiff claimed that he did not receive proper medical care at the prison for his serious ear infection and requested several million dollars in damages, as well as for the Court to commute his remaining prison term. This case is now proceeding on the Eighth Amendment claims of denial of proper medical care against only Defendant Frimpong.

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

After initial screening, we found that Plaintiff had sufficiently stated an Eighth Amendment claim of denial of proper medical care as against both Defendants.[2]

On July 30, 2004, we issued an Order directing service of the Plaintiff's Complaint on the Defendants. (Doc. 6). The Defendants were then served, and we granted them an extension of time to respond to the Complaint. (Doc. 22). On December 3, 2004, the Defendants filed a joint Motion to Dismiss or for Summary Judgment. (Doc. 30). The Defendants' Motion was ripe for disposition, and on March 16, 2005 we issued a Report and Recommendation recommending as follows:

> that the Defendants' Motion to Dismiss the Complaint (Doc. 30) be granted based on the statutory immunity of Defendant Inch, as a PHS officer, and for failure to exhaust administrative remedies with respect to the Plaintiff's Eighth Amendment claim against Defendant Frimpong. (Doc. 49).

After Plaintiff's objection to our Report and Recommendation, the District Court issued a Memoradum and Order on May 16, 2005 granting Defendants' Motion to Dismiss Defendant Inch and denying Defendants' Motion as to Defendant Frimpong. (Doc. 53). On May 26, 2005, Defendant Frimpong filed a Motion for Reconsideration regarding the District Court's May 16, 2005 Order. (Doc. 61). On June 2, 2005, the District Court denied Defendant's Motion for Reconsideration. (Doc. 65).

---

[2] Plaintiff alleged that he was not properly treated to adequate medical care for his right ear infection in January, 2004, and that the Defendants were aware of his condition and acted in deliberate indifference to his medical needs, including the failure to treat his infection for over four (4) days which caused him to permanently lose his hearing in the ear. (Doc. 1, p. 2 & attached handwritten pages 1-3).

The case was remanded to us, and the remaining Defendant (Frimpong) was directed to file an answer to Plaintiff's Complaint. (Doc. 56). On June 3, 2005, Defendant Frimpong filed a second Motion for Summary Judgment and a support Brief. (Docs. 66 & 67). Plaintiff responded to Defendant's Motion by filing a Motion to Disallow Defendant from filing a second summary judgment motion. **(Doc. 77).** Plaintiff's Motion to Disallow has been briefed by the parties. (Docs. 78 & 89).[3]

Plaintiff argues that Rule 56 allows a party to file only one summary judgment motion and that Defendant used up his opportunity when he and former Defendant Inch jointly filed their December 3, 2004 Motion to Dismiss or alternatively for Summary Judgment. (Doc. 30). Plaintiff claims that Defendant has raised his arguments for summary judgment and that they were considered and denied by the Court. Thus, Plaintiff claims that Defendant Frimpong has had his one bite at the apple. Plaintiff also states that he will be unduly burdened if he is made to once again respond to a summary judgment motion of Defendant.

Defendant contends that his second Summary Judgment Motion is raising a qualified immunity defense and that this defense was not previously ruled upon by the Court. Defendant states that in its Order denying his Reconsideration request, the District Court basically indicated that his qualified immunity defense was not addressed in the undersigned's prior Report and Recommendation and that this issue was best addressed by the undersigned. (Doc. 89, p. 2, and

---

[3] Plaintiff was granted an extension of time wihtin whihc to repsond to Defendant's seocdn Summary Judgment Motion, and his oppositon brief to the Summary Judgment Motion is due fifteen (15) days after the Court rules upon Plaintiff's Motion to Disallow. (Doc. 85).

Doc. 65).

We agree with Defendant that his qualified immunity defense has not yet been addressed by this Court and that it is appropriately raised in his second Motion for Summary Judgment. In our prior Report and Recommendation, we did not address the Defendants' qualified immunity defense raised in their first Summary Judgment Motion since we found Defendant Inch subject to dismissal on other grounds, and since we found Plaintiff failed to exhaust his administrative remedies with respect to Defendant Frimpong. Further, as Defendant states (Doc. 89, p. 4), we find nothing in Rule 56 which would preclude Defendant from filing a second dispositive motion, especially under the circumstances of this case in which Defendant is raising a defense not previously addressed by the Court. Defendant also correctly argues that the law of the case doctrine does not apply in the present matter, since the qualified immunity issue was not decided at an earlier stage. (*Id.*, pp. 4-5).[4] We also find that it would prejudicial to the Defendant to require him to partake in any more discovery until the qualified immunity issue is resolved. Therefore, we find that discovery in this case should not proceed until Defendant Frimpong's qualified immunity defense is ruled upon by the Court. See *Hoffman v. Lehman*, 926 F. Supp. 510, 512 (M.D. Pa. 1996). Thus, we shall stay

---

[4]While Plaintiff complains that it would be prejudicial if he is made to file another brief, if he chooses, he can rely upon his previously filed Brief and Statement of Facts, Docs. 30, 38 and 39, by notifying the Court in writing within the time allotted in the Order below to file his opposition brief.

discovery until the Court rules upon the Defendant's second Summary Judgment Motion based on qualified immunity.

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: August 9, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERWYN D. FREEMAN, JR., | : | CIVIL ACTION NO. **3:CV-04-1546** |
| | : | |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DIANE INCH, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this *19* day of **August, 2005, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Disallow Defendant Frimpong's second Summary Judgment Motion **(Doc. 77)** is **DENIED.**

2. Plaintiff is directed to file his brief in opposition to Defendant's second Summary Judgment Motion (Doc. 67) within **fifteen (15) days** of the date of this Order.

3. Defendant shall file his reply brief, if any, within **ten (10) days** after service of Plaintiff's brief on him.

FILED
SCRANTON

AUG 1 9 2005

PER _____
DEPUTY CLERK

4.  It is further **ORDERED** that discovery in this case is **STAYED** pending disposition of Defendant's second Summary Judgment Motion by the Court.

_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: August /9, 2005